UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

GREGORY MCCLENTY                                                                    PLAINTIFF

V.                                          CIVIL ACTION NO. 3:24-CV-117-KHJ-MTP

UNITED STATES OF AMERICA                                                   DEFENDANT

ORDER

Before the Court is Defendant the United States' [7] Motion to Dismiss. Because the Court lacks subject-matter jurisdiction, the Court grants the [7] Motion and dismisses this case without prejudice.

I.      Background

This case involves a dispute about the administration of veterans' benefits by the Department of Veterans Affairs (VA). Pro se Plaintiff Gregory McClenty was granted benefits by the VA's Veterans Benefits Administration (VBA). Compl. [1] at 4. He suffers from a left shoulder disability, which the Board of Veterans' Appeals found to be service-related. Admin. Claim [11-3] at 9; *see also In re McClenty*, No. 10-40 576A, 2014 WL 7503547, at *1 (Bd. Vet. App. Nov. 28, 2014). The Board's decision noted that McClenty's disability was "diagnosed as degenerative joint disease of the left shoulder and disorders of bursae and tendons in shoulder region." [11-3] at 9; *In re McClenty*, 2014 WL 7503547, at *1. In March 2015, the VBA awarded McClenty $230 per month (plus periodic cost-of-living adjustments) based on a 20% disability rating. [11-3] at 14–15. The VBA calculated this disability rating

based on one medical condition: "Degenerative joint disease, left (major) shoulder . . . ." *Id.* at 15.

Seven years later, in July 2022, McClenty filed an administrative claim with the VA under the Federal Tort Claims Act (FTCA). *Id.* at 3–18. McClenty's claim disputed the VBA's rating calculation, asserting that the VBA negligently omitted the "disorders of bursae and tendons in shoulder region" from the list of medical conditions used to calculate his 20% disability rating. *Id.* at 15–17 (emphasis omitted). At various points, McClenty's claim alleged both negligence and a deprivation of due process rights by the VA. *See id.* at 3, 5–6, 16–17. In August 2023, the VA denied McClenty's claim, noting that veterans' benefits claims were not actionable under the FTCA and that, in any case, McClenty's claim was time-barred by the FTCA. Admin. Claim Denial Letter [11-1] at 1. The VA's denial letter instructed McClenty that if he was dissatisfied with the denial of his tort claim, he could file an FTCA suit in district court within six months of the denial date. *Id.*

Following the VA's advice, McClenty filed this FTCA negligence action in February 2024, seeking $1 million in damages. [1] at 3–4; *see also* Pl.'s Opp'n Def.'s Mot. Dismiss [9] at 1–2. He argues that the Board found he had "three separate conditions"[1] related to his left shoulder disability, and he reasserts that the VBA negligently omitted the disorders of his shoulder bursae and tendons from its disability rating calculation. [9] at 1. McClenty asserts that the VBA's alleged

---

[1] McClenty appears to read his diagnosis as three conditions: (1) degenerative joint disease, (2) disorder of the shoulder bursae, and (3) disorder of the shoulder tendons. *See* [9] at 1; [11-3] at 9.

negligence cost him $80,000 in unpaid benefits, which caused the breakup of his family and inflicted emotional, physical, and psychological harm. *Id.*

The United States now moves to dismiss this action for lack of subject-matter jurisdiction and failure to state a claim. [7] at 1. It asserts its sovereign immunity and argues that McClenty has neither exhausted his administrative remedies as required by the FTCA nor alleged sufficient factual matter to state a plausible claim for relief. Def.'s Mem. Supp. Mot. Dismiss [8] at 2, 25.

II.  Standard

   A.  Rule 12(b)(1)

Motions filed under Federal Rule of Civil Procedure 12(b)(1) allow parties to challenge a district court's subject-matter jurisdiction over a case. Fed. R. Civ. P. 12(b)(1). The United States and its agencies enjoy sovereign immunity, which "deprives federal courts of subject matter jurisdiction" unless that immunity is waived. *United States v. $4,480,466.16 in Funds Seized from Bank of Am. Acct. Ending in 2653*, 942 F.3d 655, 663, 665 (5th Cir. 2019) (cleaned up). Thus, courts consider whether the United States has waived its sovereign immunity under Rule 12(b)(1). *See id.* at 666. Such waivers are "strictly construed in favor of the sovereign." *Fort Bend County v. U.S. Army Corps of Eng'rs*, 59 F.4th 180, 189 (5th Cir. 2023).

A Rule 12(b)(1) motion may either facially challenge the complaint's jurisdictional allegations or present evidence challenging the jurisdictional facts underlying the complaint. *Superior MRI Servs., Inc. v. All. Healthcare Servs., Inc.*,

778 F.3d 502, 504 (5th Cir. 2015); *see also Cell Sci. Sys. Corp. v. La. Health Serv.*, 804 F. App'x 260, 262–64 (5th Cir. 2020) (per curiam) (explaining facial and factual Rule 12(b)(1) motions). Thus, a court may find that it lacks subject-matter jurisdiction based on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Cantu Silva v. United States*, 110 F.4th 782, 786 (5th Cir. 2024) (cleaned up). As the party asserting jurisdiction, the plaintiff "constantly bears the burden of proof that" subject-matter jurisdiction exists. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam).

When considering a facial challenge, courts only examine "the sufficiency of the allegations in the complaint because they are presumed to be true." *Lee v. Verizon Commc'ns, Inc.*, 837 F.3d 523, 533 (5th Cir. 2016) (cleaned up). In such cases, a Rule 12(b)(1) motion "should be granted only if it appears certain the plaintiffs cannot prove any set of facts that would entitle them to recovery." *Fort Bend County*, 59 F.4th at 188 (cleaned up). But if there is a factual challenge, courts resolve disputed facts without presuming that the complaint's allegations are true. *See Cantu Silva*, 110 F.4th at 786. And a plaintiff must present counterevidence to prove subject-matter jurisdiction by a preponderance of the evidence. *Superior MRI Servs.*, 778 F.3d at 504.

If a party files a Rule 12(b)(1) motion alongside other Rule 12 motions, courts first consider the jurisdictional attack before reaching any merits-based challenges.

*Fort Bend County*, 59 F.4th at 188. A court without subject-matter jurisdiction may not reach the merits and must dismiss the case without prejudice under Rule 12(b)(1). *Spivey v. Chitimacha Tribe*, 79 F.4th 444, 448–49 (5th Cir. 2023). As a result, claims barred by sovereign immunity may be dismissed only without prejudice. *$4,480,466.16 in Funds Seized*, 942 F.3d at 666.

    B.  Rule 12(b)(6)

Rule 12(b)(6) permits the dismissal of a complaint if it fails "to state a claim upon which relief can be granted." When reviewing a complaint under Rule 12(b)(6), a court only considers the complaint, documents incorporated into it by reference, and matters subject to judicial notice. *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007). A court must accept all factual allegations in the complaint as true, but it is not bound to accept legal conclusions framed as factual statements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). To survive a motion to dismiss, a complaint must include enough factual allegations to state a facially plausible claim to relief. *Id.* at 678. A claim has facial plausibility if a court may reasonably infer the defendant's culpability from the facts the plaintiff alleges. *Id.* A Rule 12(b)(6) dismissal "is a judgment on the merits and is typically with prejudice." *Williams v. Am. Com. Lines, Inc.*, No. 21-30609, 2022 WL 1652778, at *1 (5th Cir. May 24, 2022) (per curiam). But courts should generally not dismiss a pro se complaint under Rule 12(b)(6) without giving the plaintiff a chance to amend. *Mendoza-Tarango v. Flores*, 982 F.3d 395, 402 (5th Cir. 2020).

III.   Analysis

The Court lacks subject-matter jurisdiction over McClenty's FTCA negligence claim because it is barred by the Veterans' Judicial Review Act (VJRA) and sovereign immunity. The VJRA waives the United States' sovereign immunity for veterans' benefits claims that are pursued according to the Act's review procedure. *See King v. U.S. Dep't of Veterans Affs.*, 728 F.3d 410, 414 (5th Cir. 2013). Under the VJRA, district courts play no role in the review procedure and lack jurisdiction to reexamine the VBA's benefits decisions. *See* 38 U.S.C. § 511(a). Because the United States supports its [7] Motion to Dismiss with evidence of the facts underlying McClenty's claim, it mounts a factual attack on jurisdiction. *See* [11-1]; [11-3]. Thus, despite McClenty's claim that he "does not seek a review of a benefits decision," the Court considers the United States' evidence and finds that he does. [9] at 2; *see also* [1] at 4; [11-3] at 3, 16–18. Accordingly, the Court must dismiss McClenty's claim for lack of subject-matter jurisdiction.

The VJRA "precludes judicial review of veterans' benefits determinations." *Zuspann v. Brown*, 60 F.3d 1156, 1158 (5th Cir. 1995) (citing § 511(a)); *see also* Veterans' Judicial Review Act, Pub. L. No. 100-687, sec. 101(a), § 211(a)(1), 102 Stat. 4105, 4105 (1988) (codified as amended at 38 U.S.C. § 511(a)). Instead, the VJRA provides "an exclusive review procedure for veterans to appeal benefits decisions." *King*, 728 F.3d at 414 (cleaned up). Under the VJRA, the VBA decides "all questions of law and fact" relating to benefits decisions. § 511(a); *id.* § 101(1); 38 C.F.R. § 3.100(a) (2023). A veteran who disagrees with a VBA benefits decision may

appeal solely to the Board of Veterans' Appeals. 38 U.S.C. § 7104(a). From there, a veteran may seek further review only from the U.S. Court of Appeals for Veterans Claims (Veterans Court). *Id.* § 7252(a). The veteran may then appeal a Veterans Court decision to the Federal Circuit alone before finally seeking review from the Supreme Court. *Id.* § 7292(c).

Outside the VJRA's review procedure, the VBA's benefits decisions "may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise." *Id.* § 511(a). The upshot is that the VJRA operates as a limited waiver of sovereign immunity for veterans' benefits claims, vesting exclusive jurisdiction over those claims in the Board, Veterans Court, Federal Circuit, and Supreme Court. *See Helfgott v. United States*, 891 F. Supp. 327, 330 (S.D. Miss. 1994). But this also means that sovereign immunity and Section 511(a) deprive federal district courts of subject-matter jurisdiction over claims that amount "to an appeal of the VA's benefits decisions." *King*, 728 F.3d at 414. A claim constitutes an appeal of a benefits decision when it "call[s] for the district court to determine whether the VA acted properly in handling [a veteran's] requests for benefits." *Id.* at 415.

McClenty's FTCA claim amounts to an appeal of the VBA's benefits decision in his case, and the VJRA precludes this Court from entertaining it. While McClenty's [1] Complaint is factually anemic, the United States' evidence reveals the crux of his claim. *See* [11-3]. McClenty disagrees with how much money the VBA awarded him for his disability, and he argues that the VBA made a negligent

7

mistake in giving him less than he allegedly deserved. *See* [11-3] at 14–18; *see also* [1] at 4. But adjudicating McClenty's claim would require the Court to determine whether the VBA acted negligently by omitting certain conditions from its disability rating calculation. In other words, the Court "would have to analyze whether the VA's agents knew or should have known that the denial of [McClenty's] benefits was wrong." *King*, 728 F.3d at 414. This "analysis would involve questions of law and fact related to the VA's benefits decisions, and those are issues that [S]ection 511 places outside the district court's jurisdiction." *Id.*; *see also* § 511(a).

For the same reasons, McClenty cannot circumvent the VJRA by casting this veterans' benefits dispute as an FTCA negligence claim. The FTCA waives the United States' sovereign immunity for torts—including negligent acts—committed by government employees in the scope of their employment. 28 U.S.C. § 1346(b)(1). But reaching the issue of negligence first requires an analysis of the VBA's benefits decision, which Section 511 prohibits. *See King*, 728 F.3d at 414. Thus, the FTCA does not waive sovereign immunity for veterans' benefits claims governed by the VJRA. *See id.* And to the extent that McClenty's references to "fundamental fairness" may anchor his tort claim in the Due Process Clause, [9] at 3,[2] constitutional torts are not actionable under the FTCA. *FDIC v. Meyer*, 510 U.S. 471, 478 (1994).

---

[2] Pro se complaints are entitled to liberal construction. *See Sause v. Bauer*, 585 U.S. 957, 960 (2018) (per curiam).

8

In response, McClenty contends that the Court has federal-question jurisdiction because his suit arises under the FTCA—a federal law that creates his cause of action for negligence. *See* [9] at 2 (first citing *Am. Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916); and then citing *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012)); *see also* 28 U.S.C. § 1331. Based on Section 1331, McClenty is correct that federal courts generally "have subject matter jurisdiction over cases 'arising under' federal law," and a case presents a federal question when the complaint "asserts the plaintiff's right to recovery based on federal law." *La. Indep. Pharmacies Ass'n v. Express Scripts, Inc.*, 41 F.4th 473, 478 (5th Cir. 2022) (quoting § 1331). But Section 1331 is not a waiver of sovereign immunity. *Humphreys v. United States*, 62 F.3d 667, 673 (5th Cir. 1995) (per curiam).

Thus, district courts do not have blanket subject-matter jurisdiction over suits against the United States, even when a case otherwise presents a federal question. *See $4,480,466.16 in Funds Seized*, 942 F.3d at 663. For veterans' benefits claims, the VJRA creates a right to recovery by waiving sovereign immunity only within the Act's review procedure. *See King*, 728 F.3d at 414. Since the VJRA does not grant district courts subject-matter jurisdiction over veterans' benefits cases, the Court is precluded from hearing McClenty's claim even though it may present a federal question. *See* § 511(a).

Having determined that it lacks subject-matter jurisdiction, the Court does not consider the merits of McClenty's claim. *Spivey*, 79 F.4th at 448. Likewise, it does not dismiss this action with prejudice as the United States requests. [8] at 26.

9

Since this suit is barred by sovereign immunity, the Court must dismiss the case without prejudice. *Spivey*, 79 F.4th at 449.

IV.     Conclusion

For the reasons stated above, the Court GRANTS the United States' [7] Motion to Dismiss and DISMISSES this case WITHOUT PREJUDICE. In doing so, the Court has considered all the parties' arguments. Those arguments not addressed would not have altered the Court's decision. The Court will enter a separate final judgment consistent with this Order.

SO ORDERED, this 22nd day of November, 2024.

s/ *Kristi H. Johnson*<br>UNITED STATES DISTRICT JUDGE